CROSS, Chief Judge.
Appellants-defendants, City of Winter Park, Florida, Earl K. Wood, as Tax Collector of Orange County, Florida, Ford Hausman, as Tax Assessor of Orange County, and Fred O. Dickinson, as Comptroller of the State of Florida, appeal a judgment entered in favor of appellee-plaintiff, Presbyterian Homes for the Synod of Florida, a Florida corporation not for profit, allowing an ad valorem tax exemption on appellee-plaintiff’s home for elderly people. We affirm.
Plaintiff-corporation owns and operates a home and infirmary for elderly persons known as Winter Park Towers, located in the City of Winter Park in Orange County, Florida. The corporation has no stockholders, and its directors are elected annually by the Synod of Florida, the governing body in Florida for the Presbyterian Church U. S. Residents of the home pay a founder’s fee upon admission and a monthly rental charge for the duration of their stay. These funds are applied toward operating expenses and costs for the care of the residents, reduction of mortgages, new equipment and capital improvements.
In 1968 plaintiff made application to the tax assessor for exemption from ad valorem taxation on Winter Park Towers pursuant to Section 192.06(14), Florida Statutes 1967, F.S.A.[1] The assessor denied the ex *735 emption on the ground that plaintiff’s home for the aged was a profit making venture and thus not entitled to an exemption under the terms of the statute.
Plaintiff then' instituted suit, and the trial court determined that the home was entitled to exemption and enjoined and restrained the assessing, levying and collecting of taxes on the property by the defendants. Hence this appeal.
Florida Const.1885, art. 9, sec. 1, limited ad valorem tax exemptions to municipal, educational, literary, scientific, religious or charitable purposes. It was not until 1965 that the Florida Constitution was implemented by legislation to include as “charitable” homes for the aged. Section 192.06 (14), F.S.A., as amended 1965. The statute defined and extended “charitable” to include homes for the aged not operated for profit, so long as all income over the costs of operating the homes was used exclusively for educational, charitable or scientific purposes, including the maintenance, improvement or expansion of its facilities.
In 1967 Section 192.06(14), F.S.A., was further amended by the addition of subsections (b) and (c). Subsection (b) provides that a corporation must apply annually for exemption and furnish specific information to the assessor. Subsection (c) provides that no exemption shall be allowed unless the criteria set forth in subsection (a) are met and unless “such corporation is not being operated as a profit making venture.”
Five criteria are set out in subsection (c) for the assessor to consider in determining what constitutes a “profit making venture”: (1) advances or payments made to insiders, (2) loans to insiders, (3) favorable contractual agreements with insiders, (4) the reasonableness of payments made for services and supplies furnished by insiders, and (5) the reasonableness of charges made to tenants for a founder’s fee and maintenance charge in light of the value of services provided to the tenants.
On appeal the tax assessor contends that the charges made by the plaintiff-corporation are unreasonable in light of the services rendered, and therefore the home is categorized as a profit making venture and not entitled to an exemption.
Subsection (a) of the statute by clear language contemplates that a home for the elderly may realize a “profit” from its operations over and above actual operating expenses and payments of encumbrances and still be eligible for ad valorem tax exemption, so long as the profit is expended for educational, charitable or scientific purposes. Subsection (c), on the other hand, denies ad valorem tax exemption if *736 the corporation is a profit making venture, in apparent contradiction to subsection (a).
Reading subsection (a) in pari materia with subsection (c), it readily becomes apparent that subsection (c) was enacted as a guideline to assist the assessor in excluding from the exempted category those homes for the aged which provide a conduit for siphoning funds into the hands of insiders. It was not the function or purpose of subsection (c) to exclude a corporation merely because it makes a profit. The statute should be given an interpretation which allows homes for the aged to make a “profit” and receive ad valorem tax exemption as contemplated by the statute, so long as the “profit” is expended as statutorily authorized.
In the instant case the record reveals that residents in Winter Park Towers pay a founder’s fee ranging from several thousand to as much as twenty thousand dollars, depending upon the individual case, and a monthly rental of between $185.00 and $200.00 per month, although the record indicates that a number of residents receive a reduction in that amount if they are unable to pay the full rental. The monthly rental is applied toward the cost of care for the residents, which includes the rooms occupied and furnishings, electricity, heating and air conditioning, telephone, three meals a day, and the use of a nursing service when ordered by a doctor. The founder’s fee has been used for operating expenses not covered by the monthly charge, for accelerated reduction of the mortgage, and for alterations and additions to the property.
The trial court found that the charges made by plaintiff were reasonable; that plaintiff had not expended the “profit” from the home in any manner contrary to that authorized by subsection (a) of Sec. 192.06(14), F.S.A.; that the statute had been complied with in all respects, and that plaintiff was entitled to the exemption. We agree. There was substantial competent evidence to support the judgment.
Accordingly, the judgment is affirmed.
Affirmed.
McCAIN and OWEN, JJ., concur.

.F.S. 192.06 Property exempt from taxation. — The following property shall be exempt from taxation:
(14) (a) All property, real and personal, of any bona fide home for the aged, licensed by the state board of health, owned and operated by Florida corporations not for profit, which has been and is currently exempt from the payment of taxes to the United States for the income derived from the operation of such home for the aged and used by such home for the aged for the purposes for which it was organized, and limited to providing homes and services to elderly persons, housing for nurses and other personnel of such home, medical facilities, dining facilities, laundries, parking lots, auditoriums, administrative offices, and other uses essential to the operation of such home for the aged; provided that all income of such home for the aged remaining after payment of the usual and necessary expenses of operation including the payment of liens and encumbrances upon its property, shall be used exclusively for educational, charitable or scientfic purposes, including the maintenance, improvement or expansion of its facilities.
(b) Each corporation not for profit entitled to exemption from taxation pursuant to this subsection shall, in applying annually with the county tax assessor for an exemption pursuant to § 192.062 deliver to the county tax assessor information including:
1. Financial statements for the immediately preceding fiscal year, certified by an independent certified public accountant, showing in reasonable detail the financial condition and record of operation of the corporation for such fiscal year;
2. A statement certified by an officer of such corporation showing the aggregate advances, payments, or obligations incurred by the corporation during the immediately preceding fiscal year to or for each officer, director, trustee, member or stockholder of the corporation; and
3. Any other records or information as may be requested by the county tax assessor and reasonably needed by the county tax assessor for the purposes of determining the non-profit status of such corporation, the use to which the property is being devoted or the use of the income derived from the operation of such home for the aged.
(c) No exemption from taxation shall be granted to any corporation not for profit unless, on the basis of documents and information submitted to the tax assessor, the tax assessor determines that such corporation meets the criteria set forth in paragraph (a) and that such corporation is not being operated as a profit making venture. In determining whether a corporation is being operated as a profit making venture, the tax assessor shall consider the following factors:
1. Any advances or payments directly or indirectly by way of salary, fee, loan, gift, bonus, gratuity, drawing account, commission, or otherwise (except for reimbursement of advances for reasonable out-of-pocket expenses incurred on behalf *735 of the applicant) to any person, company or other entity directly or indirectly controlled by the corporation or any officer, director, trustee, member, or stockholder of the corporation;
2. Any guaranty of a loan to or an obligation of any officer, director, trustee, member, or stockholder of the corporation or of any entity directly or indirectly controlled by such persons, or which pays any compensation to its officers, directors, trustees, members, or stockholders for services rendered to or on behalf of the corporation;
3. Any contractual arrangement by the corporation with any officer, director, trustee, member, or stockholder of the corporation regarding rendition of services, the provision of goods or supplies, the management of applicant, the construction or renovation of the property of the eor-poration, the procurement of the real, personal or intangible property of the corporation or other similar financial interest in the affairs of the corporation;
4. The reasonableness of payments made for salaries for the operations of the corporation or for services, supplies and materials used by the corporation, reserves for repair, replacement and depreciation of property of the corporation, payment of mortgages, liens and encumbrances upon the property of the corporation, or other purposes;
5. The reasonableness of charges made by the corporation to its tenants for a founder’s fee or admission charge and the reasonableness of the rental charge or of any charges for other services, all of which is to be considered in relationship to the value of the services provided by the corporation to its tenants.